IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Habeeb Abdul Malik, #231677, ) | |
| a/k/a/ Ron Tearia Nicholas, ) | |
| ) | |
| Plaintiff, ) | C/A NO. 8:08-1886-RBH |
| ) | |
| vs. ) | |
| ) | |
| Robert Ward, Regional Director SCDC, ) | **ORDER** |
| Lt. Smalls, BRCI; Lt. McCoy, BRCI; ) | |
| Lt. Roderick, BRCI; Lt. Simmons, BRCI; ) | |
| Sgt. Otis, BRCI; Sgt. McCants, BRCI; ) | |
| Sgt. Thomas, BRCI; Sgt. Murphy, BRCI; ) | |
| all sued in their personal capacity, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

The Complaint in this action was received by the Clerk on May 9, 2008. It was docketed on the electronic filing system on May 16, 2008.[1] The Complaint purports to allege a claim pursuant to 42 U.S.C. § 1983 for excessive force under the Eighth Amendment and a state law claim for assault and battery. Defendants filed a Motion to Dismiss on the basis of Fed. R. Civ. P. 12(b)(6), asserting that the claims are barred by the statute of limitations. Plaintiff filed a Response in Opposition to the Motion to Dismiss in which he contends that the statute of limitations was tolled by his filing of grievances with the South Carolina Department of Corrections in an effort to exhaust his administrative remedies. Defendants, however, contend that the plaintiff has failed to

---

[1] The envelope indicates that it was received by the prison mailroom on May 7, 2008. Under the prison mailbox rule, a complaint is deemed to be filed when an inmate gives the document to the prison officials for mailing. This rule has been applied to Section 1983 actions. *See Lewis v. Richmond City Polic Dep't*, 947 F.2d 733 (4th Cir. 1991).

1

file this action within three years of the date the plaintiff received notice of the denial of his grievances.

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Bruce H. Hendricks, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636 and Local Rule 73.02(B)(2)(g).  In her Report, Magistrate Judge Hendricks recommends that the defendants' motion to dismiss on the Section 1983 claim be denied as premature on the basis that discovery was needed on the issues relating to the grievances filed by the plaintiff and the statute of limitations. She recommends that the assault and battery claim brought under state law against the defendants individually be dismissed with prejudice on the basis of the statute of limitations under state law. She also recommends that, if the action is construed as being brought against the defendants in their official capacities, then the case against the defendants in their official capacities should be dismissed without prejudice.  Defendants filed objections to the Report on December 1, 2008 contending that the statute of limitations applies as a matter of law to bar the Section 1983 claim based on the affidavit of the grievance officer and also that the state law claim for assault and battery as it relates to any official acts by the defendants should be dismissed with prejudice.

> In conducting its review, the Court applies the following standard:
>
> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after

review, to accept, reject, or modify any of the magistrate judge's findings or
recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

## Legal Standard

Under the standard set forth in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is *plausible* on its face." *Giarratano v. Johnson*, 521 F.3d 298 (4th Cir. 2008), citing *Twombly*, 127 S.Ct. at 1974. "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P.12(b). Defendants contend that the motion before the Court should be treated as one for summary judgment since matters outside the pleadings have been presented to the Court.

## Analysis

Defendants have filed an affidavit of Mary Coleman, Branch Chief for the Inmate Grievance Branch. She indicates that she has "reviewed the grievances filed by this Inmate within SCDC institutions."[2] (Docket Entry #30-3, p.1). She further attaches a Step One Grievance form for Grievance Number BRCI 551-04 which was filed on the basis of the alleged excessive force of the defendants after a prison riot. She indicates that the grievance was denied and that the plaintiff

---

[2] The Affidavit does not allege that these are all of the records of SCDC regarding the grievances.

3

signed indicating his receipt of the denial on August 4, 2004. In discussing the Step One grievance, she further states that "on February 10, 2004, Donald L. Driskell, the Inmate Grievance Coordinator at BRCI, advised Inmate Nicholas that this grievance was forwarded to the Office of the General Counsel pursuant to Policy as it involved allegations against the Director. On June 22, 2004, the Office of General Counsel advised Mr. Driskell to handle this grievance as a normal grievance. Warden William White responded to this Step 1 grievance on July 21, 2004."

The affidavit also attaches a Step Two grievance which only concerned a grooming issue and which was denied. The plaintiff received the denial on April 14, 2005.

Defendants contend that the administrative procedures concerning the excessive force claim ended with the receipt by the plaintiff of the denial of the Step One grievance on August 4, 2004, since he abandoned the excessive force claim in his Step Two grievance and that he therefore failed to file his lawsuit within three years thereafter. Defendants also contend that, even if the Step Two grievance is considered to be relevant to the excessive force claim, that the plaintiff received the denial of the Step Two grievance on April 14, 2005 and that he still failed to file his lawsuit within three years.

The Court believes that further discovery should be conducted before the statute of limitations issue on the Section 1983 claim is resolved. Plaintiff has pointed to two documents that are not explained at this time. First, he points to a Step 1 grievance attached to his Response to the Motion to Dismiss (Docket # 31-4). The grievance which is dated November 5, 2004 alleges that Grievance # MSU 551-04 is "currently on Step 2 in Headquarters. On the Step 2 appeal, I challenged Department Policy Regulation 26.5." The back of the form states that grievance #BRCI 551-04 "is at HQ Grievance Branch. You need to submit a Request to Staff to them inquiring about

4

the status of your grievance." The response was signed on February 25, 2005 by the Warden and on March 4, 2005 by the IGC. The plaintiff also points to a letter which he received from James Simmons, III, Grievance Administrator, Inmate Grievance Branch dated August 24, 2005. The letter states: "Documentation revealed that grievance BRCI 551-04 was closed out in the automated system at the Central Office level as denied on March 28, 2005. By now, you should have received a copy of the grievance for your record." (Docket Entry #31-6).

In reviewing these documents, it is not possible to determine at this time when the plaintiff actually received the final denial of his grievance regarding the excessive force claim. It appears that he may have received it sometime between March and August of 2005. However, it is not clear without additional discovery when he received the denial of his grievance regarding his excessive force claim. Therefore, the motion to dismiss is denied regarding the statute of limitations defense to the Section 1983 claim without prejudice to the right of the defendants to raise the issue on a motion for summary judgment.

The defendants' second objection relates to the recommendation by the Magistrate Judge that the assault and battery claim under state law, insofar as it is made against the defendants in their official capacities, is dismissed without prejudice. Defendants contend that such a claim should be dismissed with prejudice.[3] In reviewing the allegations of the plaintiff's complaint, it does not appear that he has sued the defendants in their official capacities but only in their individual capacities. Therefore, there is no need to dismiss claims brought against the defendants

---

[3] The Magistrate Judge recommended that the assault and battery claims against the defendants in their individual capacities be dismissed with prejudice. No objections have been filed regarding that recommendation.

in their official capacities. The Court, however, grants the Motion to Dismiss as to the assault and battery claim against the defendants individually, and those claims are dismissed with prejudice.

## Conclusion

For the foregoing reasons, the Court adopts the Report and Recommendation of the Magistrate Judge as modified.  The defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. The Motion to Dismiss is denied as to the Section 1983 claim, and this claim is recommitted to the Magistrate Judge for further proceedings. The assault and battery claim is construed as being brought only against the defendants individually and is dismissed with prejudice.

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Court Judge

December 15, 2008
Florence, South Carolina

6